UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
MAR 24 2003
U. S. DISTRICT COURT
E. DISTRICT OF MO.

LAMAR JOHNSON, )
)
    Petitioner, )
)
vs. ) Case No. 4:00CV408 HEA
)
DONNA McCONDICHIE,[1] )
)
    Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's Motion to Expand the Record, [# 38] and his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, [#4].[2] This matter was referred to United States Magistrate Judge Mary Ann L. Medler in accordance with 28 U.S.C. § 636(b)(1)(B). Judge Medler filed her Report and Recommendation on January 22, 2003, recommending that the Petition be denied. Petitioner has filed written objection to the Report and Recommendation. Accordingly, pursuant to 28 U.S.C. § 636(b), the Court will

---

[1] This action was originally filed against Al Luebbers, Warden of the Potosi Correctional Center. Petitioner has informed the Court that he has been transferred to the South East Correctional Center. Ms. McCondichie is the Warden at the South East Correctional Center and is therefore now the proper Respondent. Accordingly, it is ordered that Donna McCondichie is substituted for Al Luebbers as Respondent. See, 28 U.S.C. § 2254, Rule 2.

[2] Document 25 in this matter is petitioner's exhibits in support of his petition. The Court notes that pages 12 through 14 of these exhibits are copies of the first pages of Missouri Appellate Court decisions involving a prior conviction of James Howard. The undersigned was the trial judge in this proceeding. In that this matter does not substantively involve Mr. Howard, the fact that the undersigned was the trial judge in his state trial is of no consequence.

conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects.

Before reaching petitioner's objections, the Court will address petitioner's Motion to Expand the Record. Petitioner asks the Court to expand the record by including the affidavit of James Howard. Respondent has not objected to the inclusion of this affidavit. Accordingly, the motion will be allowed and the affidavit of James Howard is hereby included in the record before the Court.

Petitioner initially argues that Judge Medler "misinterpreted the evidence" when she found that there was substantial evidence of petitioner's guilt based on the testimony of "two eye-witnesses, several police officers and forensic experts." Report and Recommendation, pages 25, 33-34. Petitioner claims the record does not support this finding and as such, Judge Medler's reliance on this deprived him of a fair review. Petitioner's argument is without merit in that Judge Medler's findings are supported by the record. The state called both James Elking and Leslie Williams, witnesses to the shooting. Further, Detectives Bailey, Ralph Campbell, Jackson, and Nickerson testified for the State as to the investigation of the murder of Marcus Boyd. The State also presented the testimony of Dr. Michael Graham, the medical examiner. Petitioner's arguments with respect to the testimony of Elking, Campbell and Mock actually go to the issue of the witnesses' credibility. Credibility issues are clearly left within the purview of the fact finder.

Petitioner has failed to establish any constitutional violation with respect to whether the witnesses' testimony was credible. Based on the testimony presented at trial, this Court concludes that Judge Medler's finding that there was substantial evidence of petitioner's guilt, as detailed in the Report and Recommendation, is correct.

Petitioner also specifically objects to the findings and conclusions made by Judge Medler on Grounds One, Two, Three, and Five of his Petition. The Court will therefore address each of these objections as they relate to Judge Medler's findings and recommendations.

Petitioner objects to Judge Medler's findings and conclusions on Ground One, (and presumably, Ground Four as well, since Grounds One and Four were discussed together), because he contends she denied the claims, "assuming arguendo, that if there was error, it was harmless. . ." Petitioner argues that this finding is not supported by the record and that he "did not get a fair review of these claims." Petitioner's first ground challenged the trial court's admission of the mask found in his car. Ground Four claims that the trial court erred in excluding the testimony of Detective Nickerson regarding petitioner's statement that he was not involved in the shooting.

In addressing Grounds One and Four, Judge Medler set forth and applied the appropriate standard for a federal court in a habeas review. It is not within a

federal habeas court's province to reexamine state court determinations of state law. A federal habeas court is limited to determining whether a conviction violates the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), citing, 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975)(*per curiam*). Thus, the Court is not authorized to determine whether the state court's admission of the mask and the exclusion of Nickerson's testimony was appropriate under Missouri state law, rather, the Court is required to determine whether the challenged evidence "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Petitioner must establish that absent the alleged impropriety, the verdict probably would have been different. *Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir. 1999), *cert. denied*, 528 U.S. 1097 (2000). Based on the evidence presented at trial, including the testimony of Elking, Williams, Campbell, Nickerson, Jackson, and Bailey, petitioner has not established that the verdict would have been different if the mask was excluded and Nickerson was allowed to testify to the statements petitioner made regarding his lack of involvement. Petitioner's objection to Judge Medler's findings and conclusions on Grounds One and Four are therefore overruled.

Petitioner's objection that Judge Medler assumed that since Jackson testified that there were no police reports fitting the description of a second murder, it never

occurred and thus the jury was not swayed by it, is a misreading of the Report and Recommendation. In her findings, Judge Medler agreed with the Missouri Appellate Court's analysis that through Jackson's testimony about the lack of police records, the jury was made aware of the possible ambiguities in Mock's testimony. Also, the jury was made aware that Mock was incarcerated at the time he heard the conversations about petitioner. Petitioner's argument that the jury could have interpreted Jackson's testimony as establishing that petitioner committed a crime other than murder is pure speculation and fails to establish that the admission of Mock's testimony "so infected the trial with unfairness," *Darden*, at 181, that he was denied due process.

Petitioner also objects to Judge's Medler's finding that, even if the admission of Mock's testimony was erroneous, this testimony did not render the jury's decision a denial of due process because it did not so infect the trial with unfairness. Based on the other evidence presented at trial, any error in its admission was rendered harmless. Thus, petitioner has failed to establish that without this testimony, the result of the trial would have been different. Therefore, the objection to Judge Medler's finding that petitioner's Ground Three, which alleged that the trial court erred by not ordering a mistrial, *sua sponte*, was without merit, is overruled.

Petitioner next objects to Judge Medler's finding that counsel was not ineffective for failing to object to Mock's testimony, and for allowing the testimony to be presented. Judge Medler found that the Missouri Court of Appeals' decision that counsel's actions were strategic in nature, was not contrary to the standard applied by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 690 (1984), and was a reasonable interpretation of federal law. This finding reflects the proper review standard set out for this Court's determination of a habeas petition.

In order to prove ineffective assistance of counsel, petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id*. This determination must be made without the benefit of hindsight. *Id.*, at 689.

Counsel testified at the petitioner's post conviction hearing and gave his reasons for using Mock's testimony. The Missouri Appellate Court analyzed these reasons and, applying the deferential standard required, found them to fall within the objective standard of reasonableness. Counsel testified that he decided to allow Mock to testify at petitioner's trial in order to cross-examine Mock on Mock's testimony which counsel viewed as absurd and unbelievable. The finding by the Appellate Court that this decision was a strategic one is not contrary to the *Strickland* standard, nor is it an unreasonable determination of the facts in light of

counsel's testimony. Petitioner's objection to this portion of the Report and Recommendation is therefore denied.

Ground Five challenges the trial court's decision not to grant a new trial or to grant an evidentiary hearing on his motion for new trial based on newly discovered evidence. Petitioner, while recognizing the Supreme Court's holding in *Herrera v. Collins*, 506 U.S. 390, 400, that there is no federal constitutional right to anew trial based solely on newly discovered evidence, initially urges the Court to grant relief.

The Eighth Circuit Court of Appeals has consistently followed this holding.

> Marshaling the many affidavits casting doubt upon his guilt, [petitioner] asserts he is entitled to a writ of habeas corpus because new evidence establishes his factual innocence. [Petitioner's] assertion has considerable intuitive appeal, for, to some extent, the very purpose of a writ of habeas corpus is to forestall the unjustified punishment of an innocent prisoner.
>
> Nevertheless, we have squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent. "[Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir. 1996)(quoting *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)). It is a foregone conclusion we must apply our earlier precedent, *see United States v. Franklin*, 250 F.3d 653, 665 (8th Cir. 2001), thus [petitioner's] claim of innocence does not entitle him to a writ.

*Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir. 2002). Thus, petitioner's objection regarding this finding is overruled.[3]

Petitioner takes issue with the Missouri Appellate Court's finding that he did not meet the first requirement of *State v. Davis*, 698 S.W.2d 600, 602 (Mo. App. E.D. 1985), that the facts constituting the newly discovered evidence came to his attention after the end of the trial. The Missouri Court of Appeals noted that Campbell's affidavit did not state when either letter regarding petitioner's conviction was written, nor did it refer to the four undated letters filed by petitioner.

This Court agrees with Judge Medler's analysis of *Meadows v. Delo*, 99 F.3d 280 (8th Cir. 1996), *vis a vis* the Missouri Appellate Court's holding. In *Meadows,* the Eighth Circuit held that "[a]lthough the affidavit itself was not available until after [petitioner's] trial, the factual basis for it existed long before [petitioner's] appeal." *Id.*, at 282. Petitioner argues that this case is distinguishable from *Meadows* because he claims he did not know Campbell killed Boyd. This argument fails to persuade the Court that the Missouri Court of Appeals decision was contrary to federal law or an unreasonable application of clearly established federal law. The Appellate Court's finding was based on the record before it and

---

[3] Included in the Court's review of the record *de novo*, is the affidavit of James Howard. Mr. Howard avers that he and Phillip Campbell committed the murder. In light of the Eighth Circuit precedent, the affidavit has no determinative effect on the Court's ruling on petitioner's objection with respect to this finding.

there was nothing in the record to indicate when the letters were written, nor any reference to the four undated letters submitted by petitioner.     Plaintiff also urges the Court to find that the verdict would have been different in light of the new evidence. This argument merely re-raises petitioner's position that this Court should grant relief based on the "newly discovered evidence." As previously discussed, without an independent constitutional violation occurring in the state proceeding, this Court cannot grant habeas relief. *Burton*, 295 F.3d at 848.

Petitioner argues that he has in fact now raised an independent constitutional violation in order for the Court to consider granting his petition based on newly discovered evidence that he is actually innocent, to wit, that his trial attorney was ineffective for failing to contact, interview, subpoena and present the testimony of his co-defendant, Phillip Campbell.

This basis for relief was not raised on direct appeal, nor was it raised in the post conviction proceedings. A federal habeas petitioner must fairly present his federal claims to the state courts before he is entitled to federal habeas relief. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc). To avoid procedural default, the petitioner must have presented his claims at each step of the judicial process in state court. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). Under 28 U.S.C. § 2254(c), an "applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section,

if he has the right under the law of the State to raise, by an available procedure, the question presented." The court "will not review a procedurally defaulted habeas claim because the state has been deprived of an opportunity to address the claim in the first instance." *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999). To fairly present a federal claim, the petitioner must present the same facts and legal theories to the state courts and the federal court. *Id.*

Petitioner argues that he is actually innocent and he should therefore be entitled to raise his ineffective assistance of counsel argument in support of his petition. Essentially, petitioner is seeking application of the "miscarriage of justice" exception to the procedural default doctrine.

Under the "miscarriage of justice" exception to the procedural default doctrine, if petitioner argues that he is actually innocent and therefore, a fundamental miscarriage of justice will result if the court does not consider the merits of his claim, the claim can be considered.

In order to benefit from this exception to the principle of procedural bar, petitioner must produce "new reliable evidence . . . not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), that is "so forceful that 'it is more likely than not that no reasonable [trier of fact] would have convicted him in light of the new evidence.'" *Johnson v. Norris*, 170 F.3d 816, 818 (8th Cir. 1999)(quoting *Schlup*, 513 U.S. at 327. In *Schlup*, the Supreme Court held that a habeas court could

address the merits of defaulted claims if the petitioner first proved he was actually innocent of the charged crime. *Schlup*, 513 U.S. at 314-16. Framing the question in terms of petitioner's case, petitioner must prove "'it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence' before [the Court] may review the merits of" his ineffective assistance of counsel claim. *Burton*, 295 F.3d at 846.

Even assuming that petitioner's "newly discovered" affidavit of James Howard passes the *"Schlup* gateway" to obtain review, his ineffective assistance of counsel claim does not maintain on the merits. *See, Id.*

Petitioner claims counsel was ineffective for failing to contact, interview, subpoena and present the testimony of his co-defendant, Phillip Campbell. The record, however, establishes that Campbell's counsel stated that Campbell would not testify. Reliance on Campbell's counsel's representations about whether his client would testify is not unreasonable under the *Strickland* standard. In fact, any effort to contact Campbell after having this information may have raised ethical considerations on the part of petitioner's counsel. Thus, petitioner has failed to establish that counsel was ineffective for failing to contact, interview, subpoena and present the testimony of his co-defendant.

Based upon the foregoing analysis, petitioner's objections to Judge Medler's Report and Recommendation are overruled. The Court adopts and sustains the thoroughly reasoned Report and Recommendation, and incorporates said Report and Recommendation herein. The Court finds, therefore, that the petition should be denied, and because petitioner cannot make a substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."), *cert. denied*, 525 U.S. 834 (1998).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, [#4], is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 24th day of March, 2003.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT -- EASTERN MISSOURI
INTERNAL RECORD KEEPING


AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 03/24/03 by mmosley
                4:00cv408    Johnson vs Luebbers

28:2254 Petition for Writ of Habeas Corpus (State)


Lamar Johnson -
#516846
Southeast Correctional Center
SECC
300 E. Pedro Simmons Drive
Charleston, MO  63834

James McAdams -                      Fax: 573-751-9456

